

200 Park Avenue
New York, NY 10166-4193
+1 (212) 294-6700

**DAVID L. GREENSPAN**
Partner
(212) 294-4616
david.greenspan@winstontaylor.com

July 21, 2026

**<u>BY ECF</u>**

Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl St.
New York, New York 10007

**Re:    *National Football League Players Association et al. v. Saber Interactive Inc.*, No. 1:26-cv-05911-PKC**

Dear Judge Castel,

Pursuant to Section 3.A of Your Honor's Individual Practices in Civil Cases, Petitioners National Football League Players Association ("NFLPA") and National Football League Players Incorporated ("NFLPI" and, together with NFLPA, "NFLPA/PI") write to seek permission to file a motion to confirm an arbitration award pursuant to Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. There is currently an initial pretrial conference scheduled for September 18, 2026, at 11:30 a.m.

On July 13, 2026, NFLPA/PI commenced this action by filing a petition with the Court (ECF No. 1) pursuant to the FAA to confirm an arbitration award rendered on May 22, 2026 ("Corrected Final Award" (ECF No. 1-1)). The Corrected Final Award was issued by a three-member panel of J.A.M.S. neutral arbitrators seated in New York, New York ("Panel"), in accordance with the arbitration rules and procedures set forth in Section 10.B. of the May 23, 2023 license agreement between NFLPA/PI and Respondent Saber Interactive Inc. ("Saber") ("License Agreement" or "Agreement" (ECF No. 1-2)). Saber has indicated it will not comply with the Corrected Final Award. NFLPA/PI now seek leave to file a motion to confirm the Corrected Final Award. NFLPA/PI's motion would resolve the entire case between the parties. As an arbitral confirmation proceeding, there is no need for further proceedings or discovery.

The Corrected Final Award easily meets the standards for confirmation. It was issued in accordance with the parties' agreement to arbitrate and reflects the Panel's thoughtful consideration of the parties' arguments, as developed through extensive proceedings, briefing and oral argument. Pursuant to the FAA, the Corrected Final Award should be confirmed. *See, e.g.*, *All. Cap. Int'l Bank v. Wadiah Cap.*, 2025 WL 437618, at *2 (S.D.N.Y. Feb. 7, 2025) ("The confirmation of an arbitration award pursuant to section 9 of the FAA is normally 'a summary proceeding that merely

makes what is already a final arbitration award a judgment of the court.'") (citations omitted); *Koonge v. Citibank, N.A.*, 2026 WL 1735180, at *1 (S.D.N.Y. June 16, 2026) (explaining the "great deference" owed to an arbitral panel's decision under the FAA, holding that "all that is required to confirm an award on a timely petition to confirm" is a "barely colorable justification for the outcome reached") (citations omitted).

The motion would also be timely, as the FAA requires that a motion to confirm be filed "within one year after the award is made," 9 U.S.C. § 9, and the Corrected Final Award was issued on May 22, 2026. There are likewise no grounds for vacating the award. *See* 9 U.S.C. § 10(a).

Against this backdrop, NFLPA/PI respectfully request the Court's permission to move to confirm the well-founded Corrected Final Award. NFLPA/PI propose that they be permitted to file their motion within one week of any order granting leave to file, that Saber file its response to the motion, if any, within 21 days after NFLPA/PI files its motion, and that NFLPA/PI be permitted to file a reply within 10 days of receiving Saber's response. On July 16, NFLPA/PI proposed this briefing schedule to Saber, but Saber did not respond.

Respectfully submitted,

*/s/ David L. Greenspan*
David L. Greenspan
Sarah L. Viebrock
Neha Vyas
200 Park Avenue
New York, New York 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
david.greenspan@winstontaylor.com
sarah.viebrock@winstontaylor.com
neha.vyas@winstontaylor.com

*Counsel for Petitioners NFLPA and NFLPI*