**WINSTON TAYLOR**

*I have read the Greenspan Declaration filed in 26-mc-343 and it is woefully inadequate to justify the massive sealing of the terms of the Licensing Agreement under Lugosch v. Pyramid Co., 435 F.3d 110 (2d Cir 2006) and subsequent case law. Application Denied without prejudice to renewal within seven days.*

*SO ORDERED*
*[signature], USDJ*
*7-28-26*

200 Park Avenue
New York, NY 10166-4193
+1 (212) 294-6700

**DAVID L. GREENSPAN**
Partner
(212) 294-4616
david.greenspan@winstontaylor.com

July 24, 2026

**VIA ECF**

Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:    *National Football League Players Association et al. v. Saber Interactive Inc.* (Case No. 1:26-cv-05911-PKC) – Motion for Leave to File Under Seal and to Redact Petitioners' Memorandum of Law in Support of Motion to Confirm the Arbitration Award and Exhibits Thereto**

Dear Judge Castel,

Pursuant to Section 5.B of the Court's Individual Rules and Practices, Petitioners National Football League Players Association and National Football League Players Incorporated (collectively, "Petitioners") request leave to file redacted or sealed versions of the exhibits to their Memorandum of Law in Support of their Motion to Confirm the Arbitration Award ("Memorandum") and to redact quotations from those exhibits in the Memorandum. Specifically, Petitioners seek permission to redact (i) the final award that resulted from a confidential J.A.M.S. arbitration ("Arbitration") between Petitioners and Respondent Saber Interactive Inc. ("Saber") ("Corrected Final Award"); (ii) the interim award that was incorporated into and preceded the Corrected Final Award ("Interim Award" and, together with the Corrected Final Award, the "Awards"); and (iii) the parties' License Agreement, which was the subject of the underlying arbitral dispute. Petitioners also seek permission to file under seal excerpts from a brief submitted by Saber in the arbitration ("Saber's Brief"). Petitioners further request permission to redact corresponding references to these documents in the Memorandum.

On July 10, 2026, the Court entered an order granting Petitioners' motion to redact nearly all of the information Petitioners now seek to redact in their Memorandum, including that contained in Petitioners' Petition to Confirm an Arbitration Award and the exhibits thereto (ECF No. 1). *See* Order Granting Motion for Leave to File Case Under Seal, *Nat'l Football League Players Ass'n v. Saber Interactive Inc.*, No. 1:26-mc-00343 (July 10, 2026), ECF No. 4 (finding sufficient cause to grant sealing). As the Honorable John P. Cronan recognized, "the presumption of public access to the unredacted [Awards and License Agreement] is outweighed by [] competing

**WINSTON
TAYLOR.**

July 24, 2026
Page 2

considerations . . ., namely the confidential, commercially sensitive information of Petitioners." *See id.* at 2.[1]

Specifically, the redactions to the Awards and License Agreement—which Judge Cronan approved—pertain to confidential, commercially sensitive contractual terms, the disclosure of which could cause competitive harm. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009) (affirming sealing of a contract based on defendant's assertions that "an outsider with knowledge of the final terms of the [defendant's contract] could . . . use that information to deduce [defendant]'s negotiation tactics" and that "[d]isclosure could cause [defendant] significant competitive disadvantage") (internal quotation marks and citations omitted); *Rubik's Brand Ltd. v. Flambeau, Inc.*, 2021 WL 1085338, at *1 (S.D.N.Y. Mar. 22, 2021) ("Disclosure of [plaintiff's licensing agreement's] contractual terms could harm [plaintiff] . . . by disadvantaging them in negotiating future licensing agreements.").[2]

The same logic underlies Petitioners' request to file excerpts from Saber's Brief under seal. The excerpts from Saber's Brief quote and describe confidential and commercially sensitive terms in the parties' License Agreement. Petitioners respectfully submit that because this Court held that it was appropriate to redact License Agreement terms from the Awards themselves, *ipso facto*, it is appropriate to file under seal the excerpts from Saber's Brief that quote or describe those same terms.

Petitioners' request is narrowly tailored to protect confidentiality, safeguard legitimate commercial interests and prevent competitive harm. Accordingly, Petitioners respectfully submit that good cause exists to grant their motion for leave to file under seal and redact.

---

[1] Petitioners will promptly provide Judge Cronan's order upon request.

[2] The License Agreement broadly defines "Confidential Information" to encompass the existence and terms of the License Agreement. The presence of a bargained-for confidentiality provision, though not alone dispositive, "serve[s] as an additional . . . factor in determining whether the document contains confidential information or a trade secret and therefore should be sealed." *Ramirez v. Temin & Co., Inc.*, 2020 WL 6781222, at *4 (S.D.N.Y. Nov. 18, 2020); *see also Sea Tow Servs. Int'l, Inc. v. Tampa Bay Marine Recovery, Inc.*, 2021 WL 11726668, at *5 (E.D.N.Y. Apr. 20, 2021) ("[T]he Court acknowledges that the existence of . . . confidentiality provisions are relevant in determining whether a document contains confidential information or trade secrets and should be sealed."); *Gen. Re Life Corp. v. Am. Gen. Life Ins. Co.*, 2024 WL 1329381, at *3 (S.D.N.Y. Mar. 28, 2024) ("'[T]he mere existence of a confidentiality agreement . . . does not demonstrate that sealing is necessary.'") (citation omitted).

**WINSTON
TAYLOR.**

July 24, 2026
Page 3

Respectfully submitted,

*/s/ David L. Greenspan*
David L. Greenspan
Sarah L. Viebrock
Neha Vyas
200 Park Avenue
New York, New York 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
david.greenspan@winstontaylor.com
sarah.viebrock@winstontaylor.com
neha.vyas@winstontaylor.com

*Counsel for Petitioners NFLPA and NFLPI*

cc:    Patrick Bonner (by email on consent)
       Lindsay Weibel (by email on consent)