# MENZ BONNER KOMAR & KOENIGSBERG LLP

**ATTORNEYS AT LAW**

**125 HALF MILE ROAD, SUITE 200**

**TEL: (732) 933-2757**      **RED BANK, NEW JERSEY 07701**      **FAX:  (914) 997-4117**
www.mbkklaw.com

August 3, 2026

**VIA ECF**

Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    *NFL Players Assoc., et al. v. Saber Interactive Inc.  / Saber Interactive, Inc. v. NFL Players Assoc., et al.*, No. 1:26-cv-5911-PKC

**PRE-MOTION LETTER REGARDING MOTION TO COMPEL JOINDER OR DISMISS PETITION AND REQUEST FOR STAY OF CURRENT DEADLINES**

Dear Judge Castel:

This firm represents Respondent/Cross-Petitioner Saber Interactive Inc. ("Saber") in the above-referenced matter.  We write pursuant to Section 3.A of Your Honor's Individual Practices in Civil Cases regarding Saber's anticipated motion, pursuant to Federal Rules of Civil Procedure ("Rules") 17 and 19, to compel joinder of OneTeam Partners, LLC ("OneTeam") as a Petitioner or, alternatively, to dismiss Petitioners/Cross-Respondents National Football League Players Association ("NFLPA") and National Football League Players Incorporated's ("NFLPI") Petition to Confirm Arbitration Award ("Petition") for failure to join OneTeam as a Petitioner, as OneTeam is a real party in interest and a required party.  Saber further requests that pending resolution of the joinder issue, all current case deadlines, including the time for Saber to respond to NFLPA and NFLPI's pending Motion to Confirm Arbitration Award ("Confirmation Motion"), be stayed.  An initial conference has been scheduled in this matter for September 18, 2026.

**Background and Procedural Posture** – This proceeding arises from an underlying JAMS arbitration commenced by three claimants:  OneTeam, NFLPA, and NFLPI (collectively, "Claimants").  The arbitration arose from a License Agreement relating to an arcade-style videogame, pursuant to which OneTeam and NFLPI, together, were defined as "Licensor."  All three Claimants – including OneTeam – were signatories to the License Agreement.  OneTeam was also the entity to whom payments by Saber were to be delivered and made payable, and the entity that issued invoices to Saber.  OneTeam, undeniably, played a critical role in Claimants' performance under the License Agreement.

Throughout the arbitration, Claimants' law firm billed Claimant OneTeam for legal services rendered in the arbitration, and OneTeam allegedly paid the attorneys' fees, disbursements, and arbitration costs on behalf of all Claimants.  At the conclusion of the arbitration, the arbitral panel issued a Corrected Final Award, dated and delivered to the parties on May 22, 2026 ("Corrected Final Award"), as a joint award (not apportioned) in favor of all three

MENZ BONNER KOMAR & KOENIGSBERG LLP

Honorable P. Kevin Castel
August 3, 2026
Page 2 of 3

Claimants together, including OneTeam.  Each amount awarded is a single sum awarded to all three Claimants together, not apportioned among them.  A substantial portion of the total joint award is for the attorneys' fees, disbursements, and arbitration costs allegedly paid by OneTeam.

Now, NFLPA and NFLPI appear in this matter as Petitioners – without OneTeam – despite the fact that OneTeam (i) was a "Licensor" under the License Agreement (NFLPA was not), (ii) signed the License Agreement, (iii) delivered invoices to Saber, (iv) was the entity to whom payments were to be made, (v) participated in the arbitration, (vi) was billed for attorneys' fees, disbursements, and arbitration costs on behalf of all three Claimants, and (vii) is an obligee of all amounts jointly awarded under the Corrected Final Award.

As Your Honor is aware, NFLPA and NFLPI filed their Confirmation Motion on July 24, 2026 (ECF Doc. Nos. 12, 15, 17), and Saber's response is due August 14, 2026 (ECF Doc. No. 11).  On July 28, 2026, Saber filed its Answer to Petition ("Answer") and Cross-Petition to Vacate Arbitration Award.  ECF Doc. No. 18.  In its Answer, Saber asserts, among other things, defenses related to the failure to join OneTeam, pursuant to Rules 17 and 19.

**Argument** – An action "must be prosecuted in the name of the real party in interest," Fed. R. Civ. P. 17(a)(1), *i.e.*, "the person who, according to the governing substantive law, is entitled to enforce the right."  *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 194 (2d Cir. 2003).  Relatedly, an absent necessary party to a proceeding must be joined if feasible.  Fed. R. Civ. P. 19(a)(1).  An absent party is "necessary" if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

*Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 724 (2d Cir. 2000) (quoting Fed. R. Civ. P. 19(a)).  If joinder of a necessary party is not feasible, the court must "determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable."  *Id.* at 725 (quoting Fed. R. Civ. P. 19(b)).

NFLPA and NFLPI are not the real parties in interest with respect to OneTeam's rights to amounts awarded in the Corrected Final Award – OneTeam is.  Nothing in the record suggests that NFLPI or NFLPA are authorized to enforce and protect OneTeam's rights.  OneTeam is a necessary party that must be joined, as it is a joint obligee to the Corrected Final Award.  But here, NFLPA and NFLPI seek confirmation of the Corrected Final Award in OneTeam's absence, which would require the Court to also rule on OneTeam's claim to the amounts awarded and Saber's defenses to the Petition, which include, among other things, defenses based on grounds for vacating the award, including that the arbitral panel (i) prejudiced Saber's rights in dismissing its counterclaims (asserted against all Claimants, including OneTeam), and (ii) manifestly disregarded applicable law in awarding Claimants' attorneys' fees, disbursements, and arbitration

MENZ BONNER KOMAR & KOENIGSBERG LLP

Honorable P. Kevin Castel
August 3, 2026
Page 3 of 3

costs (amounts paid by OneTeam).  Any ruling may materially impair or impede OneTeam's ability to protect its interests.  Moreover, a ruling would prejudice Saber's rights by, *e.g.*, placing Saber at risk of a subsequent suit by OneTeam to recover amounts under the same award.  Courts in this District have recognized this precise risk and found joint obligees to be necessary parties under Rule 19.  *See, e.g.*, *Errico v. Stryker Corp.*, 281 F.R.D. 182, 188 (S.D.N.Y. 2012) (absence of joint obligees "could impair or impede their interests and potentially expose [defendant] to multiple or inconsistent judgments"); *Barber Surgeons Guild PC v. Mariotti*, No. 25-CV-2537-LTS, 2026 WL 821236, at *5–7 (S.D.N.Y. 2026) (dismissing petition to vacate where a named party to an arbitration award was absent and deemed necessary and indispensable).

For the same reasons, OneTeam is also an indispensable party.[1]  *See Errico*, 281 F.R.D. at 187-88 (conclusions regarding prejudice under Rule 19(a) also apply under Rule 19(b)).  Further, a judgment in OneTeam's absence would not be adequate to avoid prejudice.  As stated, NFLPI and NFLPA are not authorized to enforce and protect OneTeam's rights, and their interests are not aligned with those of OneTeam.  As the *Errico* Court explained, the interests of a self-appointed representative of absent parties do not align with those of absent parties, as, *e.g.*, "nothing appears to prevent [the self-appointed representative] from seeking a judgment in this case . . . that is proportional only to its share of the initial milestone payment."  *Errico*, 281 F.R.D. at 189.  *See also Mariotti*, 2026 WL 821236, at *6 (where arbitral award assessed claims of three co-claimants together, ruling on it in the absence of a named party to the award did not serve the public stake in settling disputes "by wholes, whenever possible" and avoiding piecemeal litigation).

Based on the foregoing, Saber seeks to move to compel joinder of OneTeam or, alternatively, to dismiss the Petition, under Rules 17 and 19.  Saber proposes the following briefing schedule:  Saber to file its motion within 10 days of any order allowing Saber to file its motion; NFLPA and NFLPI to file their response, if any, within 21 days of the filing of Saber's motion; and Saber to file a reply within 10 days of NFLPA and NFLPI's response.  Given the nature of the relief sought, Saber further respectfully requests that all current case deadlines, including the time for Saber to respond to the Confirmation Motion, be stayed pending resolution of the joinder issue.

We thank the Court for its time and attention to this matter.

Respectfully submitted,

*Patrick D. Bonner, Jr.*

Patrick D. Bonner Jr.

cc:    All Counsel of Record (via ECF)

---

[1]    At this time, Saber does not have knowledge or information as to the feasibility of joining OneTeam under Rule 19, but it is curious that OneTeam was intentionally excluded from the Petition.  If OneTeam was intentionally excluded to engineer diversity jurisdiction, the Petition should be dismissed.  *See Errico*, 281 F.R.D. at 190 ("Equity and good conscience would seem to require that . . . parties should present their claims in a state court rather than attempt to manipulate jurisdiction by dropping plaintiffs with a substantial interest in the claim solely for the purpose of retaining jurisdiction in the federal court." (citation omitted)).