

200 Park Avenue
New York, NY 10166-4193
+1 (212) 294-6700

**DAVID L. GREENSPAN**
Partner
(212) 294-4616
david.greenspan@winstontaylor.com

August 7, 2026

**VIA ECF**

Honorable P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:    *National Football League Players Association et al. v. Saber Interactive Inc.* (Case No. 1:26-cv-05911-PKC) – Response to Saber's Pre-Motion Letter re Motion to Compel Joinder or Dismiss Petition and Request for Stay of Current Deadlines**

Dear Judge Castel,

Pursuant to Section 3.A.iii of the Court's Individual Rules and Practices, Petitioners National Football League Players Association ("NFLPA") and National Football League Players Incorporated ("NFLPI" and, together with the NFLPA, "Petitioners" or "NFLPA/PI") submit this response to Respondent Saber Interactive Inc.'s ("Saber") pre-motion letter seeking leave to file a motion to compel joinder or dismiss the Petition and requesting a stay of all current deadlines. *See* Dkt. No. 22 ("Pre-Mot. Ltr."). Petitioners do not seek leave to amend. As a matter of law and fact, OneTeam Partners, LLC ("OneTeam") is neither a real party in interest under Rule 17 nor a "necessary" or "indispensable" party under Rule 19. Respondent's proposed motion is a meritless diversion of this straightforward arbitration confirmation case.

NFLPA/PI are well within their statutory rights to bring the Petition and to seek to confirm the Corrected Final Award with or without OneTeam. Adding OneTeam to the Petition arguably would have eliminated diversity jurisdiction. OneTeam's interests in these proceedings, however, are no different from Petitioners' interests. The NFLPA holds the largest stake in OneTeam,[1] and OneTeam acts as Petitioners' agent in licensing certain group player rights to commercial partners, like Saber. *See* Decl. of Matthew Curtin (Dkt. No. 25) ¶ 6 ("As relevant here, OneTeam serves as NFLPA/PI's agent and has been assigned certain rights related to NFLPA/PI's video game licensing rights . . . ."); Pet. (Dkt. No. 1) ¶ 7 ("Through the License Agreement, NFLPA/PI and

---

[1] *See* Diana Russini, *JC Tretter, Don Davis Favorites for NFLPA Lead Role After Player Reps Meet: Sources*, The Athletic (July 19, 2025), https://www.nytimes.com/athletic/6502014/2025/07/18/nflpa-executive-director-howell-tretter/ ("Five sports unions hold stakes in OneTeam, including the NFLPA with 44 percent.").

***their agent OneTeam Partners*** (together, the arbitral 'Claimants') granted Saber the right to use the names, images, likenesses, jersey numbers and other identifying attributes of NFL players and the NFLPA's logos in the creation of one arcade-style 'multiplayer football game.'") (emphasis added). To be sure, OneTeam was a party to the License Agreement (together with NFLPA/PI) (*see* License Agmt. (Dkt. No. 27-1) at 1), but its rights under that agreement are coextensive with and derivative of Petitioners' rights—it submitted invoices and received payments *as directed by NFLPI*, could be engaged for optional Content Activations *subject to NFLPI's absolute approval*, and the grant of rights was from *NFLPI alone. See id.* §§ 1.A, 3.B, 4.C.

Consistent with this contractual role, throughout the arbitration, NFLPA/PI's and OneTeam's interests remained aligned: NFLPA/PI and OneTeam were represented by the same (undersigned) counsel, submitted a joint demand and a joint answer to Saber's counterclaims, filed joint briefing, and lodged arguments and defenses together.

OneTeam's contractual role and involvement in the arbitration thus confirm—rather than contradict—what the record already establishes: OneTeam's interests are identical to Petitioners' interests in seeking to confirm the Corrected Final Award, and NFLPA/PI already fully represent those interests here.[2] These facts dispose of Saber's Rule 17 and Rule 19 arguments.

### A. NFLPA/PI Are the "Real Parties in Interest" Under Rule 17

In support of its Rule 17 argument, Saber cursorily asserts that "NFLPA and NFLPI are not the real parties in interest with respect to OneTeam's rights to amounts awarded in the Corrected Final Award." *See* Pre-Mot. Ltr. at 2. This is wrong on multiple levels.

Rule 17 expressly provides that "a party authorized by statute" "may sue in [its] own name[] without joining the person for whose benefit the action is brought." Fed. R. Civ. P. 17(a)(1)(G). The Federal Arbitration Act ("FAA") is one such statute: it authorizes "***any party to the arbitration*** [to] apply to the court so specified for an order confirming the award." 9 U.S.C. § 9 (emphases added). As parties to the underlying arbitration, NFLPA/PI are statutorily authorized to bring this action. That alone should end the Rule 17 inquiry. *See In re Davis*, 194 F.3d 570, 578 (5th Cir. 1999) ("[A]n entity is the real party in interest when it is statutorily authorized to bring suit to enforce a claim.").

Even setting aside the FAA's express authorization, Saber's argument fundamentally misapprehends Rule 17. "The real party in interest principle embodied in Rule 17 ensures that only a person who possesses the right to enforce [a] claim and who has a significant interest in the litigation can bring the claim," with the objectives of "protect[ing] the defendant against a subsequent action by the party actually entitled to recover, and [] insur[ing] generally that the

---

[2] Saber incorrectly asserts that OneTeam "paid the attorneys' fees, disbursements, and arbitration costs on behalf of all Claimants." *See* Pre-Mot. Ltr. at 1. Petitioners surmise that this "alleg[ation]" arose from the billing records Claimants produced to Saber during the arbitration (on a "Confidential" basis and for use in the arbitration only), which identify OneTeam on the invoices. But as made clear by those records, Petitioners *split* the fees, disbursements, and costs.

judgment will have its proper effect as res judicata." *Cortlandt St. Recovery Corp. v. Hellas Telecomms.*, 790 F.3d 411, 420–21 (2d Cir. 2015) (internal quotation marks and citations omitted). NFLPA/PI—Claimants in the arbitration, parties to the License Agreement, and OneTeam's part owner and principal—plainly satisfy this standard. They have the right to enforce the Corrected Final Award and have a significant interest in the litigation, and a judgment here will bind OneTeam under res judicata. *See Rosas v. Shorehaven Homeowners Ass'n, Inc.*, 2024 WL 1120638, at *4 (S.D.N.Y. Mar. 14, 2024) (noting that "privity bars relitigation of the same cause of action . . . where a party's interests were adequately represented [in a prior action] by another vested with the authority of representation," including—as applicable in the case—vis-à-vis "th[e] principal-agent relationship") (internal quotation marks and citations omitted); *see also HB Gen. Corp. v. Manchester Partners, L.P.*, 95 F.3d 1185, 1196 (3d Cir. 1996) ("There may be multiple real parties in interest for a given claim, and if the plaintiffs are real parties in interest, Rule 17(a) does not require the addition of other parties also fitting that description.").

*Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186 (2d Cir. 2003) (cited by Saber) only proves NFLPA/PI's point. *See* Pre-Mot. Ltr. at 2. In that case, the court rejected defendant's Rule 17 argument and allowed the case to proceed without the absent parties because the plaintiff—based on the terms of an underlying agreement—"was clearly intended to be the 'master of the litigation.'" *See Oscar Gruss*, 337 F.3d at 195. The same is true of Petitioners here.

Saber has not shown—nor can it—that Rule 17 bars this action.

## B. OneTeam Is Not a Necessary (or Indispensable) Party Under Rule 19

Saber's Rule 19 argument fares no better. Saber invokes Rule 19(a)(1)(B) to argue that OneTeam is a "necessary" party because a ruling would (i) "materially impair or impede OneTeam's ability to protect its interests" (*see* Pre-Mot. Ltr. at 3; Fed. R. Civ. P. 19(a)(1)(B)(i)); and (ii) "prejudice Saber's rights" by "risk[ing] [] a subsequent suit by OneTeam to recover amounts under the same award" (*see* Pre-Mot. Ltr. at 3; Fed. R. Civ. P. 19(a)(1)(B)(ii)). Neither argument withstands scrutiny.

To start, Saber ignores a threshold requirement of Rule 19(a)(1)(B) that is a precursor to both prongs of its argument (*i.e.*, Rule 19(a)(1)(B)(i) and 19(a)(1)(B)(ii)): "'the absent party [must] claim a legally protected interest relating to the subject matter of the action.'" *BNP Paribas v. Bank of N.Y. Tr. Co.*, 2012 WL 13059498, at *12 (S.D.N.Y. Mar. 28, 2012) (quoting *ConnTech Dev. Co. v. Univ. of Conn. Educ. Props., Inc.*, 102 F.3d 677, 682 (2d Cir. 1996)). "A party named in the litigation cannot assert an interest on behalf of those absent; '[i]t is the absent party that must claim an interest.'" *Id.* (quoting *Peregrine Myanmar Ltd. v. Segal*, 89 F.3d 41, 49 (2d Cir. 1996)). Here, OneTeam has asserted no such interest—it is Saber that seeks to introduce procedural delay to aid its stated refusal to comply with a final and binding arbitration ruling. This fact is fatal to Saber's Rule 19 argument.

Even inquiring further, Saber's arguments fail. OneTeam has not claimed its interests are undermined by the Petition for good reason: its "interests are adequately represented by [Petitioners]," its principal and largest stakeholder. *See id.* at *13. Petitioners and OneTeam share

"virtually identical interests [and] would be advancing virtually the same legal and factual positions" in support of their request to confirm the Corrected Final Award. *See id.* (internal quotation marks and citations omitted); *see also Cont'l Cas. Co. v. Am. Home Assur. Co.*, 2008 WL 1752231, at *4 (S.D.N.Y. Apr. 14, 2008) ("When an identity of interest exists between two parties, and one of the parties will sufficiently represent those interests, the other party is not necessary to the litigation."); *Bacardi Int'l Ltd. v. Suarez & Co., Inc.*, 719 F.3d 1, 10–11 (1st Cir. 2013) (arbitral co-claimant not a "necessary" party when it "ha[d] virtually identical interests—the confirmation of the [arbitral] award" and defeating vacatur—with petitioner, such that its "absence will not impair or impede [its] ability to protect its interest"). Indeed, OneTeam and Petitioners had *identical* claims in the arbitration and together prevailed on those claims in every respect.

Nor is there any risk of "prejudice [to] Saber's rights." *See* Pre-Mot. Ltr. at 3; *see also BNP Paribas*, 2012 WL 13059498, at *13 (Rule 19(a)(1)(B)(ii) "focuses on whether the existing parties would be subject to 'double, multiple, or otherwise inconsistent obligations.'") (quoting Fed. R. Civ. P. 19(a)(1)(B)(ii)). Saber posits that OneTeam could later sue "to recover amounts under the same award." *See* Pre-Mot. Ltr. at 3. That hypothetical is illogical and legally incorrect. This action seeks an order "[c]onfirming the Corrected Final Award." Pet. at 9 (Prayer for Relief). If the Corrected Final Award—in which Saber was found liable to OneTeam (and Petitioners)—is confirmed by this Court, then OneTeam would benefit and there would be no action left for it to take. *See BNP Paribas*, 2012 WL 13059498, at *13 ("[T]he possibility of being subject to multiple or inconsistent obligations must be real, and not a mere possibility.") (internal quotation marks and citation omitted). And in any event, as noted above (*see supra* p. 3), OneTeam would be bound by any judgment here as a party "in privity with a party who has already litigated the same cause of action." *BNP Paribas*, 2012 WL 13059498, at *15 ("[P]rivity will be found where a party's interest in litigation is virtually identical to an interest it had in a prior litigation, where it was not actually named but can be said to have had virtual representation.") (internal quotation marks omitted) (quoting *Polargrid LLC v. Videsh Sanchar Nigam Ltd.*, 2006 WL 2266351, at *10 (2d Cir. Aug. 7, 2006)); *see also Rosas*, 2024 WL 1120638, at *4.

Saber's authorities are inapposite. *Errico v. Stryker Corp.*, 281 F.R.D. 182 (S.D.N.Y. 2012) involved a divisible damages award among different parties, and the absent parties may not have been bound by res judicata. *Id.* at 188–90. And in *Barber Surgeons Guild PC v. Mariotti*, 2026 WL 821236 (S.D.N.Y. Mar. 25, 2026), unlike here, the "necessary" party was "the sole counterparty to the arbitration agreements with [r]espondents," "[r]espondents only ever contracted with and provided services for [the absent party] and never had a contractual relationship with [p]etitioners," and thus "[t]he [a]rbitration [a]ward adjudicated contractual rights that belong[ed] to [the absent party] alone." *Id.* at *5.

Because OneTeam is not a "necessary" party, the Court need not reach indispensability. *See Cont'l Cas. Co.*, 2008 WL 1752231, at *6. But even if OneTeam were deemed necessary under Rule 19(a), its joinder would not be feasible. Rule 19(a) limits required joinder to persons "whose joinder will not deprive the court of subject-matter jurisdiction." Fed. R. Civ. P. 19(a)(1). Adding OneTeam to the Petition would arguably eliminate complete diversity among the parties, making joinder infeasible as a matter of law. The Court would therefore proceed to Rule 19(b) and

"determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

Here, for the reasons already discussed, there would be no equitable need or reason to add OneTeam as a party. OneTeam's interests are fully protected by NFLPA/PI; Saber faces no real risk of duplicative litigation given the privity between Petitioners and their contractual agent OneTeam; and a judgment confirming or vacating the Corrected Final Award will resolve the parties' dispute. *See* Fed. R. Civ. P. 19(b). Saber has filed a Cross-Petition to vacate and has named OneTeam as a party to that Cross-Petition. *See* Dkt. No. 18. Thus, to the extent OneTeam is added to this action vis-à-vis Saber's Cross-Petition, OneTeam is not an indispensable party under Second Circuit authority. *See Assoc. Dry Goods Corp. v. Towers Fin. Corp.*, 920 F.2d 1121, 1124 (2d Cir. 1990) (holding that a party is not indispensable under Rule 19(b) where the opposing party can "avoid all prejudice to itself by asserting a compulsory counterclaim" against that party).[3]

Dismissal, by contrast, would serve no one—it would merely force Petitioners to refile to litigate identical claims with identical parties, wasting judicial resources, undermining "the strong presumption in favor of enforcing an arbitration award," and rewarding Saber's delay. *See Smarter Tools Inc. v. Chongqing SENCI Import & Export Trade Co.*, 57 F.4th 372, 382 (2d Cir. 2023) (affirming confirmation of arbitration award and denial of request to vacate). That is not what equity and good conscience require. *See Oscar Gruss*, 337 F.3d at 195 ("[W]here multiple parties all have a financial interest in a lawsuit, a strategic choice of parties in order to maintain diversity is *not* considered to be collusive so long as the party chosen to bring the suit is in fact the *master of the litigation*.") (emphases in original) (internal quotation marks and citation omitted).

*     *     *

For the foregoing reasons, the Court should deny Saber leave to file its proposed motion and deny the requested stay. Saber has identified no basis for an indefinite suspension of all case deadlines in this straightforward arbitration confirmation proceeding.

---

[3] Saber's addition of OneTeam in its Cross-Petition does not defeat diversity jurisdiction. *See Assoc. Dry Goods*, 920 F.2d 1121 (explaining that the court could exercise supplemental jurisdiction over a new, non-diverse party joined via defendant's compulsory counterclaim because diversity jurisdiction existed over plaintiff's affirmative claims); *Gagliardi v. Prager Metis CPAS LLC*, 2024 WL 5119127, at *7 n.4 (S.D.N.Y. Oct. 10, 2024) (similar).

**WINSTON TAYLOR.**

Respectfully submitted,

*/s/ David L. Greenspan*
David L. Greenspan
Sarah L. Viebrock
Neha Vyas
200 Park Avenue
New York, New York 10166
Tel: (212) 294-6700
Fax: (212) 294-4700
david.greenspan@winstontaylor.com
sarah.viebrock@winstontaylor.com
neha.vyas@winstontaylor.com

*Counsel for Petitioners NFLPA and NFLPI*

cc:    Patrick Bonner (via ECF)